ON THE MERITS
Plaintiff attempted to qualify only through his attorney, Robert D. Edwards. Mr. Edwards telephoned the committee’s secretary, Mr. White, in the morning of August 10, 1967, two days before the qualifying deadline. They discussed the qualifying procedure concerning which Mr. Edwards made inquiry. Mr. White read the committee resolution to Mr. Edwards and advised him to deliver the qualifying papers to the committee chairman, Judge Perez. Mr. Edwards then telephoned Judge Perez’s law office in New Orleans, the chairman’s only listed address in the telephone directory. He was informed by Judge Perez’s secretary that Judge Perez was not at the office and that she did not know where he could be located. She did give Mr. Edwards the chairman’s mailing address, a post office box on the premises of his home near Belle Chasse. Mr. Ed *684 wards did not ask the secretary for Judge Perez’s unlisted telephone number at the latter’s home but unsuccessfully attempted to obtain the number through the telephone operator.
Later in the afternoon of the same day Mr. Edwards had another telephone conversation with Mr. White. During that conversation he asked Mr. White if the latter, as secretary, would accept plaintiff’s qualifying papers. Mr. White answered that the application should be filed with the chairman who, as Mr. White understood, was available at his home below Belle Chasse; he advised Mr. Edwards to follow the pertinent statute. Thereafter, Mr. Edwards placed the notice and the check covering .the deposit in the mails as we have stated above. No other effort than those which we have described was made to file plaintiff’s notice of candidacy with the committee.
By both testimony and documentary evidence (the latter being receipt by Judge Perez of many notices of candidacy in primary-contests in which he was interested as chairman of the various committees involved) the record conclusively and without contradiction reveals that on August 10, when the attempt was made to file plaintiff’s qualifying papers, as well as on the following August 11 and 12, Judge Perez was available at his home below Belle Chasse for almost all of each of those days. During the short time he was not personally present another person was at his home for the purpose of receiving qualifying papers for the chairman.
The committee resolution, a copy of which was posted on the courthouse door, did not contain the home address of the committee chairman. However, we are satisfied from his own testimony that Mr. Edwards knew the location of the chairman’s home and the record does not reveal there is available any better address for that home than the post office address given to Mr. Edwards by the chairman’s secretary at his law office.
The controlling state is LSA-R.S. 18:312, which reads as follows:
“Whenever in this Part provision is made for the filing of any notice, deposit, objection, protest, list of commissioners, or any other paper with any party committee or party officer, it shall be filed with the chairman of the proper committee. If the chairman is not available, absents himself, cannot be found, or for any reason refuses to accept the paper or deposit, it may be filed with the secretary. If the secretatry is not available, or refuses to accept the paper or deposit, or cannot be found, it may be deposited in the United States mail, at some point in Louisiana, in an envelope properly registered, stamped, and addressed to the chairman, which deposit in the mail constitutes a proper filing as of that date.
Failure of the chairman to receive the paper or deposit does not prejudice or deprive a person of any rights given him under this Part if the above conditions are complied with.” LSA-R.S. 18:312.
Under the clear wording of the statute, in order for the mailing of plaintiff’s notice of intention and check to constitute a proper filing as of the date of that deposit in the mail, both the chairman and the secretary of the committee must have been unavailable, absent, unable to be found, or for any reason actually refused to accept the notice and the check. Otherwise plaintiff’s notice of intention was not filed on the date of mailing, August 10, 1967 and was not in fact ever filed because the same was never received by the committee.
We must conclude that no reasonable effort was made by plaintiff or on his behalf to file his qualification papers as required by LSA-R.S. 18:312. The statutory prerequisites necessary to permit a filing by mail which results in the date of deposit in the mail as the date of filing are not present here. Neither the chairman nor the secretary refused to accept the notice and check; the chairman was never *685 consulted and could not have refused and the documents were never presented to the secretary for his acceptance or refusal. As we have already indicated, Mr. Edwards never informed Mr. White that he had been unable to find Judge Perez and, with that predicate, request of Mr. White that he receive the documents for the committee; in both of the two telephone conversations between Mr. Edwards and Mr. White the former was interested in obtaining information relative to qualifying plaintiff as a candidate and the fact that Mr. White stated the notice should be filed with the chairman certainly does not constitute a refusal to accept the notice and the check. In addition, we are satisfied that Mr. Edwards could have filed timely with the chairman if he had brought the qualifying papers to the latter’s home or caused the same to be done. Both the chairman and the secretary were available, were not absent in any manner, and could be found on any and all of the three days in question. There is no suggestion by the appellant that Mr. White was anything other than readily available to Mr. Edwards during that time; and, as already stated, Judge Perez was available at his home below Belle Chasse.
We attach no material importance to the fact that the committee’s resolution failed to contain the address of its chairman; as Mr. Edwards knew the location of the chairman’s home he could have delivered the documents there and there is no indication in the record that the chairman’s address, if contained in the body of the resolution, would have been any different than the one communicated to Mr. Edwards by the chairman’s secretary in his law office.
As the right to become a candidate in a primary election is created by the primary election law and can be exercised only upon the terms and conditions prescribed by that law, we hold that the provisions of LSA-R.S. 18:312 relative to filing by registered mail are inapplicable in the instant case and, accordingly, that plaintiff has failed to timely qualify as a candidate.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendants-appellants, the 26th Senatorial District Democratic Executive Committee and each of its members, Leander H. Perez, Richard H. Gauthier and William J. White, and against the plaintiff-appellee, French Jordan, dismissing said plaintiff’s petition for mandamus at his cost in both courts.
Reversed.